FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 9 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAYMOND GOMEZ,

        Plaintiff,

– against –

THE NEW YORK STATE DEPARTMENT
OF TRANSPORTATION, NEW YORK
STATE DEPARTMENT OF HUMAN
RIGHTS,

        Defendants.

MEMORANDUM &
ORDER

09-CV-05184

JACK B. WEINSTEIN, Senior United States District Judge:

## I. Introduction

Plaintiff Raymond Gomez, appearing *pro se*, brings suit against the New York State Department of Transportation ("DOT") and the New York State Division of Human Rights ("DHR") alleging race, gender, and disability employment discrimination. Gomez claims he suffered unlawful termination, retaliation, and failure to accommodate in violation of Title VII to the Civil Rights Act of 1964 and the Americans with Disability Act. Defendants move to dismiss on the basis of collateral estoppel and other grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Because plaintiff has been unable to obtain an attorney and has been granted five adjournments to permit him to obtain one, the court has carefully examined his papers to determine if any valid claim is or might possibly be made on his behalf. Further adjournments are not desirable since the case is frivolous. It must now be decided to avoid burden on defendants.

For the reasons set forth below, Defendants' motion is granted.

## II. Facts and Procedural History

Gomez was employed by the DOT as a calculation clerk for nearly twenty years. *See* Pl.'s Aff. in Opp. to Defs.' Mot. ("Pl.'s Opp.") at 8. After numerous alleged workplace violations, including tardiness, sleeping on the job, and fraudulent timekeeping, Gomez entered into a probation agreement with the DOT on October 2, 2007. *See* Declaration of Neil Shevlin ("Shevlin Decl."), Ex. C, Plaintiff's Notice of Petition, dated April 27, 2009, filed with Supreme Court of the State of New York, New York County ("Article 78 Petition") at 2-3. It was agreed that Gomez would improve his behavior for a period of nine months. *See* Shevlin Decl., Ex. D, Decision, Order and Judgment of New York State Supreme Court Justice Paul G. Feinman dated Oct. 2, 2009 ("New York Decision") at 2. After the DOT discovered Gomez sleeping on the job on two subsequent occasions, it recommended on October 24, 2007 that his employment be terminated, effective October 30, 2007. *Id.* Gomez subsequently obtained a medical note dated October 29, 2007, which documented a medical visit for treatment of hyper-insomnia and stress. *See* Pl.'s Opp. at 6; Article 78 Petition at 7.

After allegedly being forced to resign, Gomez filed a complaint with the DHR on December 3, 2007, asserting that he was unlawfully discriminated against because of his gender, race, national origin, and disability. *See* Schevlin Decl., Ex. B, Verified Complaint to New York State Division of Human Rights ("DHR Complaint") at 1; New York Decision at 2. Following an investigation, the DHR determined there was no probable cause to believe that the DOT engaged in unlawful discrimination. *See* Article 78 Petition at 7. On April 27, 2009, Gomez appealed from this decision to the New York State Supreme Court pursuant to New York CPLR Article 78, renewing his discrimination claims and contending that the DHR improperly failed to call witnesses on his behalf. *See* New York Decision at 3-4. The New York court examined all

of the plaintiff's claims. It ruled against him. He filed the instant proceeding on November 18, 2009. *See* New York Decision at 1-5; Pl.'s Compl. ("Fed. Compl.").

### III. Law and Application to Facts

#### A. Construal of a *Pro Se* Filing

Allegations of a *pro se* complaint or petition are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Elliott v. Bronson,* 872 F.2d 20 (2d Cir.1989). The court attempted to pragmatically level the playing field for this *pro se* litigant by construing the facts as favorably to his position as is practicable and fair to the defendant.

#### B. Collateral Estoppel

"A federal court must apply the collateral estoppel rules of the state that rendered a prior judgment on the same issues currently before the court . . . ." *LaFleur v. Whitman,* 300 F.3d 256, 271 (2d Cir. 2002). Under New York law collateral estoppel is applied if "the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Id.* (quoting *Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349 (1999)). In the Article 78 context, a "New York state court affirmation of [the DHR's] finding of no probable cause would preclude federal litigation based on the same facts, provided that the procedures followed in coming to that determination satisfied the minimum constitutional requirements of the Due Process Clause of the Fourteenth Amendment." *Yan Yam Koo v. Dep't of Bldgs. of City of New York,* 218 Fed. App'x 97, 98 (2d Cir. 2007) (summary order) (citing *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481-82 (1982)).

Gomez relies on essentially the same facts as he did in the DHR and Article 78 proceedings. He again contends that the DOT unlawfully terminated his employment and failed to accommodate his disability. *Compare* Fed. Compl. at 7, 9, *with* DHR Complaint at 3, 4; New York Decision at 2. Having obtained judicial affirmance of the DHR's decision in an appropriate New York state court, which fully examined his claims, plaintiff forfeited his right to relitigate his federal claims in federal court. *See Aumporn Wongiatkachorn v. Capital One Bank*, No. 09 Civ. 9553 (CM), 2010 WL 3958764 at *5 (S.D.N.Y. Oct. 5, 2010).

Also renewed is plaintiff's argument that the DHR hearing officer improperly failed to call witnesses on his behalf. Fed. Compl. at 9. This allegation, which may be construed as one for a Due Process violation, was thoroughly examined and rejected by the New York Supreme Court in the Article 78 proceeding. *See* New York Decision at 2-5. The state court found as a matter of law that the DHR's investigation was proper. *Id.* at 5. Coupled with Article 78 judicial review, the DHR's investigative procedures were sufficient under the Due Process Clause. *Kremer*, 456 U.S. at 484-85 ("The fact that [the plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy."); *Aumporn Wongiatkachorn*, 2010 WL 3958764 at *5 ("The veracity of [the DHR] investigation was then examined and deemed sufficient by a New York state court. Therefore, Plaintiff was afforded a full and fair opportunity to present her claims.").

Gomez's substantive and procedural claims of unlawful discrimination and failure to accommodate are dismissed.

### C. Retaliation Claim

For the first time Gomez asserts a retaliation claim against the DOT. Fed. Compl. at 7; Pl.'s Opp. at 5. Construing the complaint liberally, he alleges that he was retaliated against,

purportedly for unlawful reasons, after he complained that he was the only employee who was required to inform his supervisor every time he left his desk. *Id.* This legal theory was not explicitly asserted in the state proceedings.

The retaliation claim is dismissed pursuant to the *res judicata* doctrine. Under New York law, *res judicata* bars a "later claim arising out of the same factual grouping as an earlier litigated claim [that] is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Davis v. Oyster-Bay E. Norwich Central School Dist.*, No. 09-CV-1823 (JFB), 2010 WL 3855237, at *4 (E.D.N.Y. Sep. 28, 2010) (applying collateral estoppel where state proceedings examined the same "facts and circumstances" as alleged in federal complaint); *Wilson v. Limited Brands, Inc.*, No. 08-CV-3431, 2009 WL 1069165, at *3 (S.D.N.Y. Apr. 17, 2009) ("Because Plaintiff's claims indisputably arise from the same set of facts, *res judicata* applies to bar any legal theories she now raises that are different from those raised in the state court proceeding.").

Although Gomez did not check the "retaliation box" on his DHR complaint, *see* DHR Complaint at 3, he made the same factual allegation underlying the current retaliation claim, *see id.* at 4. Both the DHR and state court examined the entire record and concluded that there was no evidence of *any* unlawful discrimination. *See* Article 78 Petition; New York Decision. Gomez's retaliation claim is therefore dismissed.

## IV. Lack of Merits

Based on the record, all of plaintiff's claims are meritless on the facts, independently of the collateral estoppel defense. He has had full substantive and procedural due process. There is no reason to further burden the defendants with this case. *See* Hr'g on Mot. to Dismiss, July 14, 2011.

## V. Conclusion

Defendants' motion to dismiss is granted. The case is dismissed. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: July 14, 2011
Brooklyn, New York